COPY

1    CELLA LANGE & CELLA LLP
2    BRIAN L. CELLA SBN 096346
     *blcella@cellalange.net*
3    ROBERT J. LANGE SBN 099844
     *rjlange@cellalange.net*
4    JAMES D. LUHMANN SBN 148766
5    jdluhmann@cellalange.net
     1600 Main Street, Suite 180
6    Walnut Creek, California 94596
7    Telephone: (925) 974-1110
     Facsimile:  (925) 974-1122
8
9    Attorneys for Plaintiff THE FILM MUSICIANS
     SECONDARY MARKET FUND
10   (By Mr. Dennis Dreith, Administrator)

11              IN THE UNITED STATES DISTRICT COURT
12           FOR THE CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| 14   DENNIS DREITH, IN HIS CAPACITY AS | No:   **CV10· 0 9 7 2 4 GAF(SS)** |
| 15   ADMINISTRATOR, FILM MUSICIANS SECONDARY | COMPLAINT FOR: |
| 16   MARKET FUND, | (1) BREACH OF CONTRACT; |
| 17                Plaintiff, | (2) AN ACCOUNTING; |
| 18        vs. | (3) SPECIFIC PERFORMANCE; (4) NEGLIGENCE |
| 19   SPYGLASS ENTERTAINMENT HOLDINGS, LLC, a Delaware | (5) MONIES HAD AND RECEIVED; |
| 20   limited liability company, SPYGLASS ENTERTAINMENT | (6) CONSTRUCTIVE TRUST/UNJUST |
| 21   FUNDING, LLC, a Delaware limited liability company,  SPYGLASS | ENRICHMENT; |
| 22   ENTERTAINMENT DISTRIBUTION, LLC, a Delaware | (7) DECLARATORY RELIEF, and (8) INJUNCTIVE RELIEF |
| 23   limited liability company, CYPRESS | |
| 24   ENTERTAINMENT GROUP, LP, a | _JURY TRIAL DEMANDED_ |
| 25   Delaware limited partnership, B & B COMPANY, an entity of unknown | |
| 26   nature, and Does 1 through 10, inclusive, | |
| 27                Defendants. | |
| 28 | |

1
Complaint for Records Access and Damages

Plaintiff Dennis Dreith, in his capacity as Administrator of the FILM MUSICIANS SECONDARY MARKET FUND (the "FUND"), sues the Defendants described above (collectively referred to herein as the "Defendants").

## INTRODUCTION

1.     This court has jurisdiction of this action, including under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185 (the "LMRA").

2.     On behalf of union musicians and other FUND participants, the FUND seeks reasonable access to books and records regarding, and recovery of any money owed, from the commercial exploitation of the following motion picture and/or television films: *Abandon, Bruce Almighty, Dragonfly, Ghost Town, The Happening, Instinct, Legend of Zorro, The Love Guru, Memoirs of a Geisha, Mission To Mars, The Ruins, Seabiscuit, The Sixth Sense, Wanted,* and *Welcome Home Roscoe Jenkins.* Other films may be at issue, but are unknown to Plaintiff at this time and within the knowledge of Defendants.

3.     Plaintiff is informed and believes and thereon alleges that Defendants received revenues from exploitation of the films and are obligated to make payment to the FUND for those films contingent upon the amount of revenues received. Yet Defendants deny any obligation to provide reasonable access to distribution accounting statements and other books and records so that the FUND may verify the accuracy of the payments.

4.     Mr. Dreith is the duly appointed and authorized Administrator of the FUND, an employee fund with its principal place of business in Studio City, California.

5.     The FUND is created by and operates under the Basic Theatrical Motion Picture Agreement, the Television Film Labor Agreement and the Film Musicians Secondary Markets Fund Agreement (collectively the "Collective Bargaining Agreement"). These are master collective bargaining agreements between the motion picture and television industry and the American Federation of Musicians of the United States and Canada, AFL-CIO (the "AFM").

6.   Plaintiff is informed and believes and thereon alleges that SPYGLASS ENTERTAINMENT HOLDINGS, LLC, is a Delaware limited liability company with its principal place of business in Los Angeles County, California, and conducts business within California.  Plaintiff is informed and believes and thereon alleges that Defendant SPYGLASS ENTERTAINMENT FUNDING, LLC, is a Delaware limited liability company with its principal place of business in Los Angeles County, California, and conducts business within California.   Plaintiff is informed and believes and thereon alleges that Defendant SPYGLASS ENTERTAINMENT DISTRIBUTION, LLC, is a Delaware limited liability company with its principal place of business in Los Angeles County, California, and conducts business within California.  Plaintiff is informed and believes and thereon alleges that Defendant CYPRESS ENTERTAINMENT GROUP, L.P., is a Delaware limited partnership with its principal place of business in Los Angeles County, California, and conducts business within California, and was formerly known as Spyglass Entertainment Group, L.P.  Plaintiff is informed and believes and thereon alleges that Defendant B & B COMPANY, is an entity of unknown nature with its principal place of business in Los Angeles County, California, and conducts, or conducted, business within California

7.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1-10 are unknown to Plaintiff, which therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a Doe, or otherwise, is legally responsible for the events and happenings described herein and proximately caused injury and damages to Plaintiff as hereinafter alleged.  Plaintiff will ask leave to amend this Complaint to set forth the identities of said Defendants if the same are ascertained.

8.   Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants is and/or was the agent or alter ego of each of the remaining Defendants, acted in concert and jointly with respect to all matters

Complaint for Records Access and Damages

1    material hereto, and was at all times herein mentioned acting within the purpose and

2    scope of said agency and that each Defendant authorized, condoned, and ratified the

3    conduct, as hereinafter set forth, of the remaining Defendants, such that each is liable

4    for the conduct of one another.  Plaintiff is informed and believes that there exists,

5    and at all times herein mentioned existed, a unity of interest in ownership and

6    commingling and overlap of ownership and management between and among the

7    Defendants such that all separation ceased and they became the alter-egos of each

8    other and that adherence to the fiction of the separate existence would permit an

9    abuse of the corporate, limited partnership or limited liability company privilege and

10   would promote injustice, fraud and unfairness.

11       9.    Upon information and belief, Defendants were parties to the hereinafter

12   described agreements and/or expressly or impliedly assumed the obligations thereof

13   through agreement, assignment, exploitation of the film, receipt of revenue from the

14   film, entity succession, transfer of an interest in copyright or otherwise and/or were

15   under actual or constructive notice of the obligations thereof such that they are bound

16   by those obligations.  These obligations include the payment to the FUND of monies

17   owed the union musicians and other participants and to make information available to

18   the FUND so that it can determine its rights and the rights of the union musicians and

19   other participants that the FUND serves.

20                        COLLECTIVE BARGAINING AGREEMENT

21       10.   The Collective Bargaining Agreement provides for the rates of pay,

22   hours, benefit contributions and other payments (including payments to the FUND on

23   behalf of the musicians of deferred compensation, sometimes known as residuals,

24   from the exploitation of the films in the secondary markets) for musicians employed

25   in the creation of films.

26       11.   The Collective Bargaining Agreement provides that Defendants must pay

27   to the FUND this deferred compensation in an amount equal to one percent of

28   "Producer's gross" (defined in the Collective Bargaining Agreement to include

---

4

1  revenue generated by exploitation of a film in the secondary markets, such as
2  VCR/DVD, Pay-TV or in-flight).   These payments are held by the FUND and paid
3  out ratably on an annual basis to the musicians who participated in creating the film.

4     12.   The Collective Bargaining Agreement requires that the Defendants
5  accurately report to the FUND amounts due the FUND for exploitation of a film and
6  authorizes the FUND to examine the books and records of Defendants so that the
7  amount of payments owed may be verified and otherwise audited by the Fund.

8     13.   The Collective Bargaining Agreement provides that payments owed to
9  the FUND are due within sixty days following the end of each calendar quarter in
10  which "Producer's gross" is received.

11    14.   The Collective Bargaining Agreement further provides that any party
12  who fails to make payments within sixty days after written notice shall pay, in
13  addition to the overdue amount, damages in the amount of ten percent of the
14  delinquent payment, together with the attorneys' fees, expenses and other
15  disbursements incurred by the FUND in collection.

16                          FILM PRODUCTIONS

17    15.   Musicians working under the jurisdiction of the AFM and under the
18  terms of the Collective Bargaining Agreement participated in creating the films, as
19  stated above, and performed everything required of them.  Musicians performed that
20  work upon the understanding and in reliance upon the representation and agreement
21  that the films were subject to the terms of the Collective Bargaining Agreement,
22  including the promise to pay the FUND and to accurately account to the FUND the
23  amount owed, including by providing reasonable access to books and records so that
24  the amount owed could be verified and otherwise audited.

25    16.   Upon information and belief, the films have been and are being shown in
26  one or more secondary markets, have generated and continue to generate "Producer's
27  gross", and the amount of damages owed to the FUND and the musicians it serves
28  cannot be determined without reasonable access to Defendants' books and records.

## AGREEMENTS

17.    Upon information and belief, Defendants were party to certain sessions contracts or other contracts for hire, assumption agreements, distribution agreements and other agreements, transfers, assignments and/or arrangements whereby Defendants expressly or impliedly assumed all obligations owing under the Collective Bargaining Agreement.

18.    Defendants, and each of them, knew or should have known that each film carried with it the obligation to pay and provide related information to the FUND on behalf of the musicians it serves.  Upon information and belief, Defendants proceeded with production and exploitation of the films with the knowledge that in acquiring the economic benefits from the services of the musicians and/or exploitation of the films, they had likewise undertaken the burden of payment, accurate reporting and providing access to books and records.  Upon information and belief, Defendants have benefited from these agreement by, among other things, receipt of revenue from the exploitation in the secondary markets and otherwise of some or all of the subject films and/or received a copyright interest entitling the FUND and the musicians it serves to payment and accurate reporting.

## STATEMENTS, ASSURANCES AND BREACH

19.    Defendants possess, and the FUND lacks, full knowledge of their own revenues and their own contractual or equitable undertakings, and therefore the amount of payments, if any, owed to the FUND and the musicians it serves.

20.    The FUND has repeatedly inquired of Defendants as to which titles they have been and/or remain obliged, and for access to books and records so that the amounts of monies owed to the FUND from exploitation in the secondary markets could be ascertained and verified.

21.    Defendants variously responded by saying that report would be forthcoming or that no payment and report was due or that monies, if determined to be due, would be paid, or that other parties had assumed the obligation, or that they

had no obligation to do so because they had not signed the Collective Bargaining Agreement, notwithstanding the fact that, Plaintiff is informed and believes, Defendants expressly, impliedly, and/or by operation of law assumed the obligations of the Collective Bargaining Agreement.

22. Defendants represented to the FUND that i) as to some of the unspecified subject titles, they had no responsibility to provide the information because they were either a producer for hire or had assigned all distribution rights such that they did not receive revenues from the secondary markets, and ii) as to the other unspecified titles, they would provide the required information to the FUND.

23. Thereafter, Defendants represented to the FUND that they would identify the titles as to which they received revenues from the secondary markets. Defendants described these as films for which Defendants retained distribution rights and received revenues from exploitation in the secondary markets, and made payment to the FUND by using third-parties as a paymaster to pay the Fund on their behalf and at their behest based upon instructions from Defendants. Defendants further promised that they would provide access to their books and records so that the sufficiency of those third-party payments could be ascertained and verified by the FUND.

24. Plaintiff reasonably relied upon Defendants' representations, contractual obligations and good faith.

25. Defendants thereafter refused to provide the information or any other information.

26. Upon information and belief, Defendants exploited and continue to exploit the films in the secondary markets and owe the FUND payment and accurate reporting, and are required to provide reasonable access to books and records. The FUND asked Defendants for confirmation of the nature of Defendants' responsibility for the films and for access to books and records, but Defendants have failed and refused to provide such information. As a result, the FUND does not know the specific rights Defendants retain in the subject films, including the specific films and

markets for which Defendants retain distribution rights, and cannot verify that the amounts paid by the third-parties on Defendants' behalf are accurate and sufficient.

27.   Upon information and belief, the third-parties instructed by Defendants to pay on Defendants behalf do not have the books and records necessary to verify the amounts paid.  Nonetheless,  Defendants continue to refuse reasonable access to the relevant books and records.

## CLAIM ONE

### BREACH OF CONTRACT

28.   Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 27, inclusive, as though set forth here in full.

29.   Upon information and belief, Defendants and each of them have failed and refused, and continue to fail and refuse, to provide reasonable access to their books and records so that their obligations, if any, to the FUND might be determined, and, should examination of the books and records so show, to pay to the FUND the full amounts owed and continuously accruing under the terms of the Collective Bargaining Agreement, and otherwise comply with their obligations under contract and in assumptsit.

30.   As a direct and proximate result, upon information and belief the FUND has suffered and continues to suffer damages, according to proof.  These damages include, but are not limited to, lack of access to books and records, and any overdue payments, liquidated damages, interest, and cost of collection.

## CLAIM TWO

### ACCOUNTING

31.   Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 27, inclusive, as though set forth here in full.

32.   Plaintiff is entitled to have access to the books and records of Defendants so that the amount of payments owed can be accurately calculated and paid.

33.   Despite Plaintiff's repeated requests, Defendants have not provided

Plaintiff with such access nor with an adequate accounting, including payment of any amounts found due as part of such an accounting.

34.   Without such access and accounting, Plaintiff is unable to determine and obtain the full amount of payments, if any, owed.  This lessens the likelihood that Plaintiff, and the musicians it serves, will obtain the full benefit of the musicians' work on the films.

35.   Plaintiff has taken all actions required of it under the Collective Bargaining Agreement, and in equity and at law.

36.   Plaintiff has no adequate remedy at law in that without an accounting from Defendants, Plaintiff is unable to determine the full extent of Defendants' and others' obligations.

CLAIM THREE

SPECIFIC PERFORMANCE

37.   Plaintiff realleges and incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though set forth here in full.

38.   Defendants have failed and refused, and continue to fail and refuse, to grant Plaintiff the opportunity to examine and inspect at reasonable times books and records necessary to a determination of its rights, and otherwise to account to Plaintiff.

39.   This lack of access and accounting lessens the likelihood that Plaintiff, and the musicians it serves, will obtain the full benefits of the musicians' work on the films.

40.   Plaintiff has taken all actions required of it under the Collective Bargaining Agreement, and in equity and at law.

41.   Plaintiff has no adequate remedy at law in that without an accounting from Defendants, Plaintiff is unable to determine the full extent of Defendants' and others' obligations, if any.

Complaint for Records Access and Damages

| | |
|---|---|
| 1 | **CLAIM FOUR** |
| 2 | <u>NEGLIGENCE</u> |

3    42.   Plaintiff realleges and incorporates by reference paragraphs 1 through 27,

4    inclusive, of this Complaint as though set forth here in full.

5    43.   Upon information and belief, Defendants plead in the alternative that the

6    conduct alleged in the aforesaid claims was the result of the negligence of

7    Defendants.

8    44.   As a direct and proximate result, the FUND has suffered and continues to

9    suffer damages in an amount according to proof.  These damages include, but are not

10   limited to, lack of records access, and any payments owed, liquidated damages,

11   interest and cost of collection.

12   **CLAIM FIVE**

13   <u>MONIES HAD AND RECEIVED</u>

14   45.   Plaintiff realleges and incorporates by reference paragraphs 1 through 27,

15   inclusive, of this Complaint as though set forth here in full.

16   46.   Upon information and belief and in the event an accounting shows

17   monies owed, Defendants, and each of them have become indebted to Plaintiff for

18   monies had and received by Defendants, and each of them, for the use and benefit of

19   Plaintiff and the musicians it serves.

20   47.   Upon information and belief, as a direct and proximate result of the

21   foregoing, Plaintiff has been damaged in an amount according to proof.

22   **CLAIM SIX**

23   <u>CONSTRUCTIVE TRUST AND UNJUST ENRICHMENT</u>

24   48.   Plaintiff realleges and incorporates by reference paragraphs 1 through 27,

25   inclusive, of this Complaint as though set forth here in full.

26   49.   Plaintiff is informed and believes and thereon alleges that payments from

27   the films can be readily identified based upon revenues from the films in the covered

28   markets.  Upon information and belief and in the event an accounting shows monies

10

owed, Defendants have retained these sums and thus been unjustly enriched, and because of the conduct of Defendants in taking and withholding payments owed to the FUND, the court should order Defendants to pay over those amounts and to serve as constructive trustees of such proceeds, together with interest, for the benefit of Plaintiff and the musicians it serves.

CLAIM SEVEN

DECLARATORY RELIEF

50.   Plaintiff realleges and incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though set forth here in full.

51.   An actual controversy has arisen and now exists between Plaintiff and Defendants in that Plaintiff contends and Defendants deny:

(a)   That Plaintiff is entitled to access to the books and records of Defendants insofar as they relate to Producer's gross derived from exploitation of the films in the secondary markets;

(b)   That Defendants have without justification and in breach of their obligations denied that access to Plaintiff;

(c)   That Defendants are liable for reporting and payment of residuals for the subject films for past revenues, current revenues, and future revenues as provided by the Collective Bargaining Agreement.

52.   Plaintiff requests a judicial determination of the respective rights and duties of Plaintiff and Defendants.   In particular, plaintiff seeks a judicial determination:

(d)   That Plaintiff is entitled to access to the books and records of Defendants insofar as they relate to Producer's gross derived from exploitation of the films in the secondary markets;

(e)   That Defendants have without justification and in breach of their obligations denied that access to Plaintiff;

(f)   That Defendants are liable for reporting and payment of residuals for the

11

1  subject films for past revenues, current revenues, and future revenues as provided by

2  the Collective Bargaining Agreement.

3      53.   Such determination is necessary and appropriate at this time in order that

4  Plaintiff may ascertain its rights and duties and prevent the irreparable harm it will

5  otherwise suffer.

6  CLAIM EIGHT

7  INJUNCTIVE RELIEF

8      54.   Plaintiff realleges and incorporates by reference paragraphs 1 through 53,

9  inclusive, of this Complaint as though set forth here in full.

10      55.   Plaintiff has no adequate remedy at law in that:

11      (g)   Defendants' actions and refusals to act directly interfere with Plaintiff's

12  property rights and duties under the Collective Bargaining Agreement, which

13  interference constitutes an irreparable injury irrespective of money damages because

14  it is the FUND's duty to determine whether and what it is owed in protection of the

15  FUND and the musicians' rights under the Collective Bargaining Agreement;

16      (h)   Defendants' wrongful conduct threatens to cause Plaintiff monetary and

17  other damage which will be extremely difficult to ascertain in that without the

18  information it would be extremely difficult to ascertain what, if any, amounts are

19  owed the FUND and the musicians it serves;

20      (i)   Unless an injunction in the form prayed for is issued, Defendants'

21  conduct will tend to render judgment ineffectual in that the rights sought to be

22  protected are the rights sought to be enforced by injunction; and

23      (j)   Unless an injunction in the form prayed for is issued, there is likelihood

24  of multiple judicial proceedings to determine the rights of Plaintiff.

25      56.   Plaintiff therefore seeks a preliminary and permanent injunction against

26  all Defendants and each of them prohibiting them from destroying any books and

27  records related to determination of payments from the subject titles, and ordering

28  Defendants and each of them to provide access to all books and records related to

1   determination of payments.

2   WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

3   them, as follows:

4   <u>PRAYER FOR RELIEF</u>

5   1.   That this court enter judgment against Defendants and each of them in

6   favor of Plaintiff;

7   2.   That this court enter judgment in compensatory damages for an amount

8   in an amount according to proof;

9   3.   That this court compel Defendants and each of them to perform an

10  accounting as required under the relevant agreements and law and to render same to

11  Plaintiff, including payment of any amounts found due;

12  4.   That this court compel Defendants and each of them to grant Plaintiff

13  access to their books and records to fully ascertain amounts owed, if any, and to make

14  payment of any amounts owed;

15  5.   That this court award Plaintiff its reasonable attorneys' fees, expenses and

16  other disbursements incurred in this action and in collection of any amounts due;

17  6.   That this court order a constructive trust;

18  7.   That this court award Plaintiff prejudgment interest; and

19  8.   That the Court declare that Plaintiff is entitled to access to the books and

20  records of Defendants insofar as they relate to Producer's gross.

21  9.   That the Court issue a preliminary and permanent injunction against all

22  Defendants and each of them prohibiting them from destroying any books and

23  records related to determination of the payments from the subject titles, and ordering

24  Defendants and each of them to provide access to all books and records related to

25  determination of the payments.

26

27

28

1        10.   That this court grant such other and further relief as may be just and

2  proper.

3  DATED: December 16, 2010       CELLA LANGE & CELLA LLP

4

5

6                           By _____

7                                    Brian L. Cella

8                            Attorneys for Plaintiff THE FILM

9                            MUSICIANS SECONDARY MARKET

10                         FUND (By Mr. Dennis Dreith,
Administrator)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

Plaintiff demands a trial by jury in this action on all claims allowed by law.

3

4

5

DATED:  December 16, 2010                    CELLA LANGE & CELLA LLP

6

7

8

By _____

Brian L. Cella

9

Attorneys for Plaintiff THE FILM
MUSICIANS SECONDARY MARKET
FUND (By Mr. Dennis Dreith,
Administrator)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge <u>Gary A. Feess</u> and the assigned discovery Magistrate Judge is <u>Suzanne H. Segal</u>.

The case number on all documents filed with the Court should read as follows:

<u>**2:10CV9724-GAF-SSx**</u>

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Rm 1-053
Santa Ana, CA 92701-4516

☐ **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

CELLA LANGE & CELLA LLP
BRIAN L. CELLA SBN 096346
JAMES D. LUHMANN SBN 148766
ROBERT J. LANGE SBN 99844
1600 South Main Street, Suite 180
Walnut Creek, CA 94596

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DREITH, IN HIS CAPACITY AS ADMINISTRATOR, FILM MUSICIANS SECONDARY MARKET FUND,<br><br>PLAINTIFF(S)<br><br>v.<br><br>SPYGLASS ENTERTAINMENT HOLDINGS, LLC, a Delaware limited liability company, et al.<br>(SEE ATTACHED FOR COMPLETE LIST)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10·09724** GAF(SSx)<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>SPYGLASS ENTERTAINMENT HOLDINGS, LLC, a Delaware limited liability</u>
<u>company, et al.(SEE ATTACHED FOR COMPLETE LIST)</u>

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Cella Lange & Cella LLP _____, whose address is  1600 South Main Street, Suite 180, Walnut Creek, CA 94596 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

**JULIE PRADO**

Dated: December  17 , 2010 _____

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                            **SUMMONS**

SPYGLASS ENTERTAINMENT HOLDINGS, LLC, a Delaware limited liability company, SPYGLASS ENTERTAINMENT FUNDING, LLC, a Delaware limited liability company, SPYGLASS ENTERTAINMENT DISTRIBUTION, LLC, a Delaware limited liability company, CYPRESS ENTERTAINMENT GROUP, LP, a Delaware limited partnership, B & B COMPANY, an entity of unknown nature, and Does 1 through 10, inclusive,

Defendants.



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DENNIS DREITH, IN HIS CAPACITY AS ADMINISTRATOR, FILM MUSICIANS SECONDARY MARKET FUND, | SPYGLASS ENTERTAINMENT HOLDINGS, LLC, a Delaware limited liability company, SPYGLASS ENTERTAINMENT FUNDING, LLC, a Delaware limited liability company, et al. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| CELLA LANGE & CELLA LLP, BRIAN L. CELLA SBN 096346, JAMES D. LUHMANN SBN 148766, ROBERT J. LANGE SBN 99844 1600 South Main Street, Suite 180, Walnut Creek, CA 94596, (925) 974-1110 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No      ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

For access to records and accounting

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV10-09724**

FOR OFFICE USE ONLY:  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s):  CV98-7767R; CV98-8876R; CV01-3679R; CV02-1706RGK; CV02-1707R; CV03-757R; CV04-6074R; CV05-4146SVW; etc.

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                 ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                 ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                 ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Believed Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 16, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |